United States District Court
Southern District of Texas
**ENTERED**
July 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAVANNA FAZZOLARI, § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. 4:14-cv-03659 |
| § | |
| SNA TOWN & COUNTRY, § | |
| ENTERPRISES, INC. d/b/a 59 DINER § | |
| § | |
| *Defendant.* § | |

## OPINION AND ORDER

Plaintiff Savanna Fazzolari filed this action on December 22, 2014 against Defendant SNA TOWN & COUNTRY ENTERPRISES, INC. d/b/a 59 DINER ("SNA"). She asserts sex discrimination, sexual harassment, hostile work environment and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), the Lilly Ledbetter Fair Pay Act of 2009, and the Texas Labor Code §§ 21.051 and 21.055. The court granted Fazzolari's motion for entry of default judgment on April 26, 2016. (Dkt. 24). Fazzolari now moves for default judgment. (Dkt. 28). Defendant has not responded. Fazzolari's motion for default judgment against SNA is granted.

I.  **Factual Background**

Fazzolari was employed with SNA from September 28, 2011 to March 14, 2012 as an assistant manager at the 59 Diner restaurant. (Dkt. 28-2 at 1). She agreed with the owner and CEO of SNA Naveed Baig on a weekly salary of $600.00, paid bi-weekly. (Dkt. 28 at 2). From October 10, 2011 through December 5, 2011, every paycheck Fazzolari received was deficient in the amount of $50.00. (Dkt. 28-2 at 2). From December 19, 2011 through February 27, 2012, the deficiency increased to $100.00 per paycheck. (Dkt. 28-2 at 2). Fazzolari alleges that the

reduction in pay was a consequence, and in retaliation, of her numerous rejections of Baig's persistent unwanted sexual advances. (Dkt. 28 at 2-3). On March 14, 2012, Fazzolari terminated her employment with SNA. (Dkt. 28 at 3). After leaving, Fazzolari found alternative employment and now seeks to recover the difference in back pay.

## II. Procedural Background

Fazzolari filed charge with the EEOC on April 9, 2012, which made a positive determination to her Title VII complaint on April 30, 2014. (Dkt. 1 at 4). She then filed suit against SNA on December 22, 2014. (Dkt. 1). On February 3, 2016, Trang Q. Tran of the Tran Law Firm, LLP who had been acting as SNA's counsel filed an unopposed motion to withdraw. (Dkt. 17). The court granted that motion, leaving SNA with thirty days to file an appearance of new counsel. (Dkt. 19). Because SNA did not obtain counsel in time or otherwise defend this action, the court granted Fazzolari's motion for entry of default judgment on April 26, 2016. (Dkt. 21).

## III. Analysis

An entry of default takes the plaintiff's well-pleaded factual allegations as true, but it does not establish damages. *Howard v. Weston*, 354 Fed. App'x. 75, 75 (5th Cir. 2009) (citing *U.S. of Am. For Use of M-Co. Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)). In determining damages, a court may rely upon detailed affidavits and documentary evidence. *See Lijadu v. INS*, No. 06-0518, 2009 U.S. Dist. LEXIS 130951, at *25-26 (W.D. La. Jan. 7, 2009) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)). Here, Fazzolari has presented sufficient evidence to support an award of back pay damages.

1. **Back pay award**

A plaintiff may recover for back pay for discrimination that occurs within two years prior to the filing of a charge with the Commission. *See* Tex. Lab. Code Ann. §21.258(c) (West 2015); 42 U.S.C. §2000e-5(g)(1); Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5. The amount of a back pay award in a wrongful termination suit is calculated from the time of the discriminatory conduct to the date of the final judgment. *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 483 (5th Cir. 2007) ("[B]ack pay accrues from the date of the commencement of the discriminatory course of conduct causing financial loss until the date damages are "settled.""); *Thorne v. El Segundo*, 802 F.2d 1131, 1136 (9th Cir. 1986) ("[T]he court should compute the backpay award from the date of the discriminatory act until the date of final judgment.") However, certain events or circumstances may serve to cut off an employee's entitlement to back pay prior to the date of judgment, such as taking a higher paying job. *Palasota* 499 F.3d at 486.

Fazzolari filed her EEOC charge within the statute of limitation governing her ability to recover the back pay she seeks. (Dkt. 1 at 4). Fazzolari has requested back pay from 2011, when discrimination first occurred, until 2014, when she accepted a higher paying employment. (Dkt. 28 at 11). Because Fazzolari does not seek damages for any period beyond 2013, and because defendant has not contested the factual basis for either date, this court finds that Fazzolari is entitled back pay for the requested periods.

Fazzolari calculated that her annual salary with SNA, absent the alleged discriminatory act, would have been $31,200.00 ($600.00 per week by 52 weeks). From November 2011 through 2013, the differences between her actual salary—either working for SNA prior to her departure or working elsewhere after her departure—and her anticipated salary of $31,200.00

had she stayed were $450.00, $10,202.00, and $5,870.00, respectively.[1] A calculation for 2014 was not necessary, thus the total amount to be recovered is $16,072.00.

### 2. Attorney's fees and costs

Fazzolari is entitled to recover attorney's fees and costs and requested them in her motion for default judgment. However, no amount was stated or proven. Fazzolari must submit supplement evidence supporting reasonable attorney's fees and costs within 14 days of entry of this order.

### IV.   Conclusion and Order

For the reasons discussed above, Fazzolari's motion for default judgment in the total amount of $16,072.00 plus attorney's fees and costs is granted. A separate default judgment will be entered. Fazzolari shall submit supplemental evidence to support attorney's fees and costs within 14 days of entry of this order.

Signed at Houston, Texas on July 18, 2016.

Stephen Wm Smith
United States Magistrate Judge

---

[1] Fazzolari earned more than $31,200.00 in 2014. (Dkt. 28-2 at 3).